Ms. Hyatt, would you announce our next case for argument? Yes, Judge. The fourth and final case for argument is 21-2369, Northern District of Iowa, U.S. v. Levi Hamilton. Mr. Lab, we appreciate your willingness to accept the CJA appointment. Thank you, Your Honor. I do appreciate that and, as well, I am grateful for the opportunity to practice and be a member of the CJA panel. Good morning, Your Honors. My name is Nathan Lab. Before I forget, I would like to try and reserve three minutes for rebuttal. I represent the He is a gentleman who was charged with conspiracy to distribute a controlled substance. He pled guilty without a plea agreement, accepted responsibility, and as the probation office suggested and the district court determined, he was found to be a career offender based in part on a predicate offense, an assault on a peace officer in the state of Iowa as a violent crime, a crime of violence. I disagree with that. Obviously, my client does as well. The interesting, although somewhat confusing, part of all this, and I will apologize now if I confuse some of the Iowa codes. I do need to apologize up front. I believe in my brief when I cite to the general Iowa assault statute of 708.1, I refer to the subsections as they currently are under A, B, and C, and I believe at the time my client was convicted they were actually called subsections 1, 2, and 3, and I believe I confused one of those as well, so I'll just apologize for my oversight now. To give a brief sort of history of where we're at, I think with this current case, back in United States v. Gaines, the general Iowa assault statute sets three different ways of committing an assault, A, B, and C. In Gaines, it was basically held by this court, and I've yet to see it disputed in any other subsequent cases, that at least one of those subsections, subsection B or subsection 2, can be completed without the use of force. I would go a little bit further and say subsection A or subsection 1 could also theoretically be committed without the use of physical force, but Gaines basically said the statute is divisible, that's the way they went, and later on this court in Quigley, and I think is certainly distinguishable from this case, this statute at hand, says that when you apply that general assault statute, but then you look at the penalty statute, 708.2, that defines this crime as an aggravated misdemeanor if it causes, or excuse me, if the actor, the defendant, intends to inflict serious bodily injury, then it's always going to be a crime of violence. Makes sense. I can't commit an assault intending to cause serious bodily injury without at least the use, threatened use, or attempted use of physical force. I'm not going to, I'm not here to argue that issue. What is at issue here, though, is the statute my client was convicted of says that you can commit any one of those three elements, and if you commit that against a public official and cause either bodily injury or mental illness, then you have been convicted of that crime. So my position is, we've now got, unlike Quigley, where it's just one essential harm intending to commit serious bodily injury, must use force, we've now got two separate consequences, two potential separate harms. Either I cause a law enforcement official mental illness, or I cause him bodily injury. One of those, admittedly, is likely a crime of violence. The other one, mental illness, I'm arguing, is not. Three different ways to bring about two potential different harms. My argument is that makes the statute divisible. It's looks at the punishment, 708.2, inflicting, intending to inflict serious bodily injury, and now we're at a statute where I don't believe this court has reviewed or made that decision because it hasn't been brought up, or admittedly, it's an unusual issue because one of the things I'm not sure how to address with this court is what exactly is causing mental illness. Before you go there, do you agree that the test is the Quigley test of realistic possibility or more than mere speculation, and you've got to have some Iowa cases? I would agree under the categorical approach, if it was not a divisible statute, that's where I would be at. I'm arguing we should be using the modified categorical approach because this statute, when in line with 708.3a, my client's conviction, should now be divisible because now there's two separate harms. He could have caused the officer bodily injury, he could have caused the officer a mental illness, which, whether that's depression, whether that's something more severe than that, that's the big issue. Counsel, if the statute is divisible, I think that's what you're arguing, the government hasn't produced any Shepard documents to show the nature of Hamilton's actual conviction, so wouldn't we have to reverse? Yes. Yes. So that's the end of it. To me, that is. That's correct. That is the end of it. This is a divisible statute. It must be remanded. I won't get into what the Shepard documents might show at this point. Obviously, that's for hopefully a day down the road. Now let me turn the tables on you. It seems to me under Quigley, it's indivisible. Right. And Quigley, the problem is when Quigley is looking at it, they're looking at the ends rather than the means. In other words, and I will admit to this court, I couldn't even intend to cause someone serious bodily injury without even the attempted use of physical force. I've wrapped my brain around it and I wish I could throw something, but I can't. That to me makes sense. It doesn't matter how you do it, whether you do it under subsection 1, 2, 3, or ABC, you can't intend to commit serious bodily injury without the use of force. But that's Quigley, and that's what Quigley focuses on. Three different ways, one harm. This one is different. My guy could have committed bodily injury to a police officer. He could have used offensive, insulting language that caused the officer a mental illness. Again, I'm not exactly sure, and I will throw some blame at the Iowa State courts on their legislators. I don't necessarily know what a mental illness would be in this situation. It's not well defined. I believe it simply is, as they say, it's something that is just more than a mental disease or defect, but if someone insults me, uses offensive language, and I go to a therapist, and they say, I'm going to prescribe you anti-depression, I would argue that could be. Counsel, I can come up with all kinds of ways that this statute could be violated without using or threatening the use of physical force. But to me, the key question is, do you have to show cases, either your own case or other cases where there's been applied in that manner so that it's not fanciful or merely theoretical? If it wasn't divisible, I would agree. So I think there's a Quigley approach. There's also a Gonzalez versus Wilkinson approach, 2021 case, where we looked at the plain language. And I would argue that the first decision to make is, is the statute indivisible or is it divisible? If it's indivisible, then it's on me to provide the non-fanciful, non-theoretical way in which it could be applied. Is the statute self-definable? But you're claiming it's divisible, right? I'm claiming it's divisible. All right. That analysis, despite the Supreme Court saying it's easy, is, I find, very difficult. I appreciate hearing that from much smarter minds than my own because this has been... But we need your help. So I think the case was Mathis, isn't that the case that just said with elements and means and that kind of thing? Yes. So walk me through the analysis of elements and means and why this is divisible. Sure. And I'll give you what I will, I wish I had a more legally articulate way, but my dumbed down way of thinking about it. I look at it as sort of, what is the consequence or the harm? So I would assume that's the ends, the means, then it's how I bring it about. Is that the analysis that Mathis gives us though? I think it is. I'm trying to say it in a way that makes more sense to me. Mathis talked about the structure of the statute, different subsections and that kind of stuff, and then means versus elements. And can you wrap it in that kind of a package for me? Tell me why it's divisible. Let me try. And one of the issues, and I believe it's Mathis or I may be thinking of a different case where one of the basic issues is looking at a disjunctive or in the elements. Does it give an element and then say, you can commit it by this or this or this, which would be the statute here, the general Iowa assault statute. So just the use of the disjunctive or would, I can't recall if that is Mathis, indicate that it is separate means of committing these crimes. It is then more likely to be divisible. I don't think that's obviously the end of that analysis, but it's a good starting point to say. I thought means suggested indivisibility. I thought it was elements that maybe I'm wrong. Trust me, I find this very confusing, so I may well be wrong. So do we have one crime or multiple crimes? With multiple. That's the easiest way to look at it. We have multiple ways to commit different crimes is what I'm arguing under this statute. Three different ways of either bringing about bodily injury or three different ways of bringing about mental illness. So then we have to look at the Shepard documents to determine what offends my client. If in fact it's divisible. If it is divisible. If it's not divisible, I guess one thing that hopefully I can maybe touch on that I don't think I've seen or perhaps some of the federal courts aren't aware of is as a state attorney that practices. I do believe that bar to provide this court either an example of my own, my clients or another case where there's been a conviction involving this hypothetical manner is almost an impossible hurdle. And for a couple of reasons recently where in state court, for instance, in Nebraska and Iowa, it's not whether, again, the reasonable probability isn't that someone was convicted, but they were charged with this crime. This fanciful way of committing this that wouldn't be physical force. And oftentimes what I see in state court is a prosecutor can charge someone, that person sits for several months and then whether it's in Iowa for judgment or Nebraska dismissal, if that case then doesn't get convicted, those cases get sealed by public record. And the idea of being able to find a repository where that happened, someone was charged. Because not only is it difficult to be able to find that in a mountain, it's the needle in a haystack. But it's also my understanding under most of those laws, even if I have my own case where this happened, once it is sealed, I cannot provide that documentation to anybody. But there's not a conviction in those cases, counsel? If there's no conviction. If the case is sealed by public record. So then there's no realistic possibility of a conviction? I don't think that's the standard though. And quickly it's can a prosecutor charge someone with this? Can they deprive them of life, liberty? Can they hold them on bond? And then whether there's a conviction or not, whether that's by a not guilty verdict at trial, or they simply dismiss it. My belief is when Quigley's talking about the... Counsel Quigley says we restrict our inquiry to the requirements for conviction and not the conduct. And I know that's from a little different context. But don't you think it requires a conviction for the realistic possibility? You think it's a realistic possibility of prosecution? Yes. Okay now, does the Supreme Court say that? As I recall from Quigley, there is discussion where it talks about charged offense. And I apologize it's not having it at hand. But I believe there's also discussion within Quigley and other cases that talk about someone being charged for that offense. Which I think would make more sense because it's not just someone getting convicted. But the liberty that could be deprived from them by simply being charged, found probable cause, held without bail or a high bond. And then a prosecutor at any point could... Like I said, and then that person goes or that person goes to a jury trial, they're found not guilty. And now again, I guess that case disappears. It's sealed in the state of Nebraska. And I think that would still, anybody who's faced that and had to sit in jail and face a jury trial would say, that's still something I would want addressed. I don't get that time back. I do apologize unless there's a question. I believe in my rebuttal time if I could reserve that. Hearing none, very well. Thank you. So Mr. Timmons, if I understand right, you argued below that it was in fact divisible statute. And now you're arguing it's indivisible. That's correct, Your Honor. Why the change? And can you walk me through the means element argument to show which one it is? Very well. May it please the court.  Ron Timmons on behalf of the U.S. Supreme Court. U.S. Attorney's Office for the Northern District of Iowa, Sioux City. I did argue at the district court that the statute at issue were indivisible. I've since seen, it's I believe explained fairly well in pages 17 through 24 of my brief, the government's current position. The government's current position, with the math, this claim. When you start with the math, this claim, do my best to explain this. You have to determine if the statutory alternatives are elements or means. So wait a minute, the government's now arguing that it is divisible? I'm sorry? Are you arguing that the statute is divisible or indivisible? Currently arguing that it's divisible, Your Honor. Right, that's my understanding, counsel. And if that's the case, don't you lose because there's no Shepard documents here? No, because there is no Shepard documents, Your Honor, then instead of applying the modified categorical approach, we move to the categorical approach. And under the categorical approach, I believe the government should still prevail. If it's divisible, if it's, I think you have this backwards. I think if it's indivisible, we apply the categorical approach and don't use documents. If it is divisible, then we use the modified categorical approach, I believe. I believe that you are correct, Your Honor. But in this- Counsel, if you're conceding that the statute is both divisible and that there are no Shepard documents, I think the case is closed. Your Honor, regardless of the court's finding on whether it's divisible or indivisible, you move on to the realistic probability inquiry. And under the realistic probability inquiry, the government should prevail. I think that may be true if it is indivisible, which is what you argued to the district court. I'm not so sure that's true if it's divisible, because then we have to use the Shepard documents to determine which section or which part of the statute he was convicted under, right? We know specifically which statute he was convicted under, Your Honor. It's the subsection of assault that is not clear from the record because we do not have the Shepard documents yet. Right. Those are under- So isn't Judge Grass exactly right that if you concede that it's divisible and there's no Shepard documents, we've got to send it back because it's overbroad? No, Your Honor. My position is that the next step is the realistic probability inquiry from here, regardless of the divisibility or indivisibility of the statute. OK. What case supports that? Realistic probability inquiry was engaged in Gaines, Gollenboe, and Quigley. Are any of those situations where the case, where the statute was divisible, and there were no Shepard documents to tell us which part the defendant was convicted under? Well, in Quigley, Your Honor, the parties agreed that the statute at issue was divisible and the categorical approach was applied. I'm sorry. Maybe, and again, this is all very confusing. Does the word divisible appear in Quigley? I don't see the word divisible. Tell me if I'm wrong. Yeah, it does. Indivisible. Indivisible does appear. But it's a categorical approach case, right? They engage in a categorical approach, Your Honor, yes. Right. And that's where you see realistic probabilities after we say it's categorical, right? And speculation after categorical. That's correct, Your Honor. OK, good. Proceed. I want to be sure I wasn't confused. Go ahead. I didn't think it had divisible law, but that's in the warm up, not in the pitch. Go ahead. Under the realistic probability inquiry, Your Honors, the government should prevail on appeal. The defendant makes two arguments that illustrate why the statute at issues fall within the force clause. On page 7 of his brief, the defendant argues that he could have committed the violation under 708.12, subsection 2, subsection A. The current version is 708.1, subsection 1. This has been deemed a crime of violence by this court in Gaines and Gollinville. Going on in page 7 and 8 of the defendant's brief, the defendant argues that the conviction could have resulted by causing mental illness against the victim by placing him in fear through the use of insulting and offensive language. But there's nothing in the record to support the notion that this conviction, as applied, a conviction under 708.3A3, would at least have as an element the threat of the use of force. The defendant must go beyond, as noted in Quigley at 394, that the defendant must go beyond mere speculation to establish that the statutes at issue are outside the force clause. So do they have to show a specific case, or can we look at the text of the statute as we did in Gonzalez versus Wilkinson? What about that, Your Honor? Does Hamilton have to show a specific case where the statute's been applied in a manner that does not use physical force or the threat of physical force? Why don't we look at the language of the statute? Under Quigley, Your Honor, the defendant just has to show that it's applied in a non-fanciful and non-theoretical manner. Right, well, let's suppose that Hamilton intended to touch an officer in a sexual way or put them in fear that they would be touched in that way. They moved to avoid the contact and fell down some stairs. That would, is that fanciful? And how do we determine whether that's fanciful? I'm not sure about that, Your Honor. It's just one of many hypotheticals that could come up under the statute where there's no physical force or threat of physical force, and yet you would still violate the statute. So the question is, how do we know if that's fanciful or not? Well, the defendant would have to establish a non-fanciful and non-theoretical application of the statute at issue by pointing to his own case or state courts that, in fact, apply it the way that he's saying. And I'm aware of nothing in the record to suggest that that is the means that to. And if that's the case, then I think they failed to do that. They failed to show a case. That's correct, Your Honor. That's my argument here. But I think we do have at least one case, this Wilkinson case, where we looked at the plain language of the statute rather than making them point to another case where it had been applied. Yes, Your Honor. And that was the purpose of the 28-J letter that was submitted last week. Tinlin looks at, as I recall, also looking at an Iowa assault statute, not in the context of immigration, which I believe the other case was. And even though Tinlin comes out after that case, it's still applying quickly, as I'm suggesting that the court should do here. So in short, the defendant has pointed to no case of Iowa assault at all that causes mental illness alone. He's further not pointed to a case where assault on a peace officer, Iowa's statute of assault on a peace officer, applies for mental illness and caused mental illness alone. And then finally, in order for him to proceed under the realistic probability inquiry, he must find a case of assault causing mental illness alone that does not fall within the force clause. The defendant's assertions are, therefore, mere speculation at this point, as opposed to non-fenciful and non-theoretical manners of committing Iowa's assault on a peace officer statute. For those reasons, the district court did not err in relying on Quigley and Chapman. What if we agreed with you that it was divisible and that, therefore, the modified categorical approach applied and you had to then present Shepard documents? And let's say the Shepard documents showed that he was charged with the mental illness part and that's what he was convicted of. Would it apply? If there were a case where- What if it's his case? That's the problem. If you're right, if it's divisible and if, at least the way I'm thinking about it, at that point, we then have to use the modified categorical approach to determine which section or which part of the crime he committed, what if it's his case? In this case, because there is no Shepard documents, we go with the categorical approach. And under that- What law says that? I'm sorry, Your Honor? What law says that? Don't you use the categorical approach if it's indivisible? Correct, Your Honor. Okay, you're arguing it's divisible. That's correct, Your Honor. So then you don't apply the categorical approach, you apply the modified categorical approach and that requires Shepard documents to tell us which section he was convicted under, right? Correct, the problem here is that we don't have those Shepard documents and therefore we have nothing left to do but apply the categorical approach. No, we could remand. We could vacate the sentence and remand and then you could go back and maybe do that. I haven't thought through the implications of that, Your Honor. Let me ask you, why did you change your mind from arguing in front of the district court that it was indivisible to now arguing that it is in fact divisible? After reading Gaines and Golombo and reading that the elements of 708.1, subsection 1 and subsection 3 both were deemed alternative elements, not means by this court. If there are no other questions, we would ask that the district court's ruling be affirmed. Thank you, Your Honor. Thank you. Mr. Labrabuttle. Well, Your Honor, at this time, I would certainly be open to any questions the court has as I believe it's, I'm not sure there's much more I can add. Again, we believe this is divisible, puts the burden on the government for Shepard documents that don't exist. Unless this court has other questions, I'd be happy to cede my time at this point then. What did he really plead guilty to? Sorry to ask. I see the knockout punch in Quigley is what he really pled guilty to. What did he really plead guilty to in this case? The underlying state conviction? Yeah, that's well put. So assault on a, I believe it's assault on a public official. In this case, it would have been assault on a police officer. And I guess an interesting point- Under this section, go ahead. Under that section. And it was, I guess one thing I do want to mention, it's an aggravated misdemeanor according to Iowa. Everywhere else, it's a felony. That's true. But the part of, and hopefully I don't have to get to this, what is frustrating is a state attorney can go to a individual defendant in state custody and say, plead to this misdemeanor and you don't even have to go to court. I'll have you sign paperwork, I'll walk in front of the judge and you'll go home tomorrow and they say, great, misdemeanor. And they sign on the dotted lines and now we're in this position. You need to drive to Des Moines. Go ahead. Yeah, I've argued this with the district court on my frustration with some of these states' codes and I don't fault a state attorney who doesn't practice in federal court for not knowing that because in their eyes, it is a good result. Misdemeanor, go home, you don't even go in front of a judge and then here we stand. Counsel, both parties are telling us that the statute is divisible. We don't have to agree, do we? That's fair. And if the court is inclined not to. But Quigley didn't. They argued there. Both parties said it was divisible there. Of course, it's divisible. Go ahead. Correct. I would certainly hope if the court was inclined to think I was wrong in that assessment of divisible, if it would have a question because at this point, I feel like I'm beating a dead horse with the elements arguments and different. Well, can you show us that it's non-fanciful if it's indivisible? Do I have an example? No. And again, I don't think that applies at all unless this court were to say, we're using the categorical because it's indivisible. Then it would be on my burden to provide you that case, which I admittedly can't do right now, in order to suggest it is not a crime of violence. I'm hoping I'm not in that position. I'm certainly arguing that I should not be. I'm thankful for the time and look forward to the opinion. Thank you all. I do appreciate your time. Thank you, counsel. We appreciate your appearance and argument. We'll do our best to figure it out and issue an opinion in due course. Ms. Hyatt, does that complete our argument docket for the day? Yes. Thank you. Court will be in recess until 9 a.m. tomorrow morning.